**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**SILS BROKERAGE CORP.,**

                        **Plaintiff,**

          -against-

**U.S. UNDERWRITERS INSURANCE
COMPANY, et al.,**

                      **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**10-CV-5176 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of a letter and affirmation from plaintiff's counsel, filed earlier today, requesting "immediate intervention" and a discovery conference on Wednesday or Thursday of this week. For the reasons that follow, plaintiff's request is denied without prejudice.

First, plaintiff's counsel complains that defendant recently advised him that a Third-Party Complaint was filed on January 19, 2010 [sic], but that plaintiff's counsel's office received no notice of this. See Affirmation of Jacob Rabinowitz ("Rabinowitz Aff.") ¶ 3. In fact, a third-party complaint was electronically filed on January 19, *2011*.[1] To the extent that plaintiff's counsel was not aware of this filing, that is a problem of his own making: He delayed in registering for Electronic Case Filing ("ECF"), see Order (Dec. 2, 2010), and, to date, has apparently not learned how to utilize the ECF system.[2]

---

[1] The Third-Party Complaint asserts claims against Peter Lewiarz and Barbara Lewiarz -- not, as plaintiff suggests (see Rabinowitz Aff. ¶ 4), against plaintiff. See Third-Party Complaint.

[2] Plaintiff's counsel's application of this morning was originally faxed to Chambers; when a member of the Court's staff telephoned Mr. Rabinowitz to remind him that all communications

Plaintiff's counsel also complains that defendant has served and is attempting to serve non-party subpoenas without consulting with him about the dates of the depositions. See Rabinowitz Aff. ¶ 6. If that in fact is the case, defense counsel has ignored Local Civil Rule 26.5, which requires that counsel cooperate in "all phases of the discovery process . . . , including in matters relating to scheduling and timing of various discovery procedures." S./E.D.N.Y. Local Civ. R. 26.5.[3] Defense counsel is directed to bring himself into compliance with that requirement.

Plaintiff's counsel further objects that defense counsel refused to go forward with depositions of the parties on two dates this week that were proposed by plaintiff's counsel. see Rabinowitz Aff. ¶ 7. The Court declines to so-order the dates unilaterally selected by plaintiff's counsel. Counsel shall confer in good faith to select mutually convenient dates within the fact discovery period, which, as the parties know, ends on April 1, 2011. See Minute Entry (Dec. 2, 2010).

Lastly, plaintiff's counsel complains that the defense is objecting to plaintiff's document demands "as barred by attorney client priviledge[,]'" a claim that plaintiff perfunctorily characterizes as having "absolutely no merit." Rabinowitz Aff. ¶ 9. The request for judicial intervention is procedurally defective for several reasons. First, nothing in plaintiff's application establishes that counsel conferred in a good faith effort to resolve this issue

---

with the Court must be filed via ECF, he replied that he was having trouble with the ECF system.

[3] However, neither that Rule, nor any other rule, prohibits defense counsel from communicating with counsel for the third-party defendant(s) "without notice to" plaintiff's counsel. Rabinowitz Aff. ¶ 8.

informally -- a prerequisite to filing a discovery motion.  See Fed. R. Civ. P. 37(a)(1); Local Civ. R. 37.3(a).  Furthermore, as counsel were reminded at the initial conference, discovery disputes should be addressed in letter-briefs, not exceeding three pages, outlining the nature of the dispute and attaching relevant materials.  See Local Civ. R. 37.3(c).  The two sentences in plaintiff's counsel's affirmation devoted to the privilege provide absolutely no particulars that would enable the Court to resolve that issue.

For the foregoing reasons, plaintiff's application for a discovery conference is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 14, 2011**

> **ROANNE L. MANN**
> **UNITED STATES MAGISTRATE JUDGE**