**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**SILS BROKERAGE CORP.,**

                         **Plaintiff,**

              -against-

**U.S. UNDERWRITERS INSURANCE**
**COMPANY, et al.,**

                        **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**10-CV-5176 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of plaintiff's counsel's letter of March 30, 2011, raising an assortment of complaints, including those relating to dates for upcoming depositions. See Letter to the Court from Jacob Rabinowitz (docketed March 31, 2011) ("Pl. Letter"), ECF Docket Entry ("DE") #28.[1] Plaintiff seeks a conference with the Court to address these supposed discovery disputes. See id. at 3.

      For the reasons stated in defense counsel's responsive letter filed yesterday, see Letter to the Court from Jonathan Isaacson (March 31, 2011) ("Def. Letter"), DE #29, plaintiff's request is denied without prejudice. Plaintiff's counsel reportedly filed his letter-motion before he and defense counsel had completed their discussions aimed at resolving these issues without judicial intervention. The application is thus premature. Moreover, as defense counsel correctly notes, plaintiff's counsel's recitation of communications concerning deposition dates focuses almost exclusively on those that predate this Court's Order of March 21, 2011, which granted plaintiff's request to extend the discovery deadline and thereby essentially superseded

---

[1] Although dated March 30, 2011, plaintiff's counsel did not file his letter with the Court until March 31, 2011.

those communications.[2]

In addition, while asking the Court to "resolve the defendant's purported claims of attorney-client privilege and direct that document discovery be provided to plaintiff," see Pl. Letter at 3, plaintiff's counsel does not set forth any legal analysis to challenge the validity of the assertion of privilege, nor does he attach a copy of plaintiff's document demands and responses thereto. For this reason as well, plaintiff's application is denied.

All counsel are directed to confer *in good faith* in an effort to resolve the discovery issues addressed in the parties' most recent letters to the Court. Furthermore, although the third-party defendants apparently have been consulting with counsel, see Def. Letter at 2 n.1, they still not have responded to the third-party complaint or requested an extension of the February 23rd deadline by which to do so. See Summonses Returned Executed, DE #25, #26. The Court will not allow the third-party defendants to delay the progress of this case. If they have not responded to the third-party complaint by April 8, 2011, third-party plaintiff shall move for entry of default by April 12, 2011.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**April 1, 2011**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In a remarkable display of audacity, plaintiff's counsel now finds it "[p]articularly objectionable" that defense counsel "unilaterally adjourned" a non-party deposition scheduled for March 24th in order "to accommodate [plaintiff's counsel] due to medical reasons." Pl. Letter at 3. But see Letter to the Court from Jacob Rabinowitz (March 18, 2011) at 1, DE #23 (seeking an extension of time, which the Court granted, because, *inter alia*, "the undersigned his having surgery in Florida beginning March 22, 2011 and ending on March 25, 2011 and will need time to recover").